**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| United States of America,        ) | CR 05-272-PHX-JAT |
|                                  ) | (Def. 1) |
|     Plaintiff,    ) |  |
|                                  ) |  |
| vs.                              ) |  |
|                                  ) |  |
|                                  ) | **ORDER** |
| Jose Rios Rico (1),              ) |  |
|                                  ) |  |
|     Defendant.    ) |  |

Pending before the Court is Defendant Rios Rico's motion to strike the Government's death notice or, alternatively, to continue the trial date for at least twelve months. (Dkt. 277.) The Government has filed a response opposing the motion to strike but not opposing a continuance of the trial to early February 2007.[1] (Dkt. 290.)

**Background:**

On September 15, 2005, the Government obtained a first superceding indictment, Count 9 of which charges Defendant with use of a firearm during a drug trafficking offense resulting in death, a charge carrying a potential death sentence. (Dkt. 70.) The Government filed a second superceding indictment, which included a notice of special findings, on January 3, 2006. (Dkt. 152.) At a status conference on January 12, 2006, the Government informed the Court that a meeting between Defendant's counsel, Antonio Bustamante, and the Department of Justice's Capital Case Review Committee in Washington, D.C., was scheduled for February 27, 2006.

---

[1] No co-defendant has filed a motion opposing Defendant's continuance request.

1    On February 16, 2006, Defendant moved for appointment of second counsel pursuant
2 to 18 U.S.C. § 3005. (Dkt. 198.) On February 24, 2006, Thomas Gorman was appointed to
3 serve as learned counsel for Defendant. (Dkt. 202.) On the same day, Mr. Gorman was
4 informed of the February 27 meeting. (*See* Dkt. 277 at 8.) Neither Mr. Bustamante nor Mr.
5 Gorman attended the meeting with the Capital Case Committee. (*See* Dkt. 277 at 7.)

6    On January 12, 2006, Defendant filed a motion to strike the death notice, contending
7 that the Government was barred from seeking the death penalty because it failed to provide
8 timely notice. (Dkt. 166.) On August 16, 2006, the Government filed its notice of intent to
9 seek the death penalty against Defendant. (Dkt. 255.) Because the deadline for filing the
10 death notice was extended upon Defendant's request, the Court ordered Defendant to inform
11 the Court of the status of his motion to strike the notice. (Dkt. 263.) Defendant now
12 acknowledges that the prior motion to strike was based upon legally insufficient grounds
13 because the death notice had not yet been filed. (Dkt. 277 at 4.) However, as discussed
14 below, Defendant contends that the notice must be struck because the Government did not
15 comply with its death penalty protocol. (*Id.* at 4.) As an alternative to striking the death
16 notice, Defendant requests a trial continuance of "not less than twelve months." (*Id.* at 1.)

17    **Analysis:**

18    *1. Motion to strike death notice*

19    Defendant contends that the Government is prohibited from seeking the death penalty
20 because defense counsel did not participate in the death penalty certification process as
21 required by Department of Justice protocol and set forth in the United States Attorneys'
22 Manual. Defendant argues that the DOJ's failure to follow the procedures set forth in its
23 Manual constituted a violation of his due process rights and his Sixth Amendment right to
24 counsel. This argument is without merit.

25    Courts have consistently held that the death penalty protocol merely announces
26 internal DOJ policy and, consistent with a waiver provision contained in the protocol itself,
27 does not create enforceable substantive or procedural rights. *See, e.g.*, *United States v. Lee*,

274 F.3d 485, 493 (8th Cir. 2001) ("We agree with those courts which have concluded that the death penalty protocol is unenforceable by individuals"); *United States v. Fernandez*, 231 F.3d 1240 (9th Cir. 2000) ("it is clear that the [Manual] does not create any substantive or procedural rights"); *United States v. Williams*, 181 F.Supp.2d 267, 299 (S.D.N.Y. 2001) ("The vast majority of courts to consider this question have held that the Protocol does not create any such legally enforceable rights, and that, therefore, they lack the power to order the Government to abide by it."). Similarly, courts have noted that the capital punishment certification process is not a judicial proceeding but "an administrative, discretionary decision-making process . . . and a defendant does not possess any 'substantial rights' in the discretionary decision-making process of an executive agency." *United States v. Shakir*, 113 F.Supp.2d 1182, 1188 (M.D.Tenn. 2000); *see United States v. Furrow*, 100 F.Supp.2d 1170, 1176 (C.D.Cal. 2000) (death penalty authorization is not a "critical stage" in criminal proceedings for Sixth Amendment purposes).

Defendant's motion to strike the death notice must therefore be denied.

*2.    Motion for continuance*

Defendant seeks a twelve-month continuance of the trial date on the grounds that the period between the filing of the death notice and the current date, November 28, 2006, does not allow him adequate time to investigate and prepare a mitigation case.[2] *See* 18 U.S.C. § 3593(a)(1) (requiring notice of intent to seek death to be filed "a reasonable time before trial"). The Government opposes a twelve-month continuance but does not object to a trial date in early February 2007.

While the Court finds that a continuance is necessary to meet the reasonable notice provision of § 3593(a)(1), the Court agrees with the Government that a twelve-month

---

[2] Defendant's motion for a continuance includes a reference to a request for severance from his co-defendants. (Dkt. 277 at 1.) Because Defendant has cited no legal basis for severance, the Court will not address this aspect of his motion.

- 3 -

continuance is not warranted. Petitioner has been aware since January 3, 2006, that he faces a potential death sentence. As Defendant's motion makes clear, the defense team has gathered significant mitigation information since the appointment of learned counsel and a mitigation specialist on February 24, 2006. It is also true, as the Government notes, that the offenses for which Defendant is charged are not overly complex. *See United States v. Wilk*, 452 F.3d 1208, 1221-25 (11th Cir. 2006) (listing nature of the charges as factor to be considered in evaluating reasonableness of notice).

The Court concludes that a continuance of approximately five months will afford Defendant an opportunity to complete his mitigation investigation. A trial date of May 1, 2007, will provide Defendant with more than eight months from the date of the death notice until trial, a period consistent with the average time between notice and trial, *see United States v. McGriff*, 427 U.S. 253, 270 (E.D.N.Y. 2006), and more than a year to investigate and prepare a case in mitigation.

Based upon the foregoing,

**IT IS ORDERED DENYING** Defendant's motion to strike the death notice. (Dkts. 166, 277.)

**IT IS FURTHER ORDERED GRANTING** Defendant's motion to continue the trial. (Dkt. 277.) Trial in the above-entitled matter shall be continued to **May 1, 2007, at 9:00 a.m.** This Court specifically finds that the ends of justice served by granting the extension outweigh the best interests of the public and the Defendant in a speedy trial. 18 U.S.C. § 3161(h)(8)(A). This finding is based upon the Court's conclusion that the failure to grant such a continuance would deny counsel for Defendant and the attorney for the government reasonable time necessary for effective preparation, taking into account the exercise of due diligence. 18 U.S.C. § 3161(h)(8)(B)(iv).

**IT IS FURTHER ORDERED** that the Government's final disclosure/discovery deadline per the Order at Docket 262 remains not later than seven days before trial.

**IT IS FURTHER ORDERED** that all severance and discovery-related motions shall be filed no later than **October 20, 2006.** Any discovery-related motions shall be filed with sufficient specificity and shall comply with the meet and confer requirements of Local Rule of Civil Procedure 7.2(j).

**IT IS FURTHER ORDERED** that all other pretrial motions shall be filed no later than **February 26, 2007.**

**IT IS FURTHER ORDERED** that, pursuant to Federal Rule of Criminal Procedure 12.2 (a) and (b), Defendant shall provide notice of an insanity defense and/or any expert evidence he intends to introduce regarding a mental disease or defect or other mental condition no later than **February 26, 2007.**

**IT IS FURTHER ORDERED** that a case management conference is set for **November 6, 2006, at 11:00 a.m.**, for the purpose of discussing jury-selection procedures.

**IT IS FURTHER ORDERED** that excludable delay under 18 U.S.C. § 3161(h) will commence on November 28, 2006, through May 1, 2007, for a total of 153 days.

DATED this 20th day of September, 2006.

_____
James A. Teilborg
United States District Judge